IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEARTBREAKER PRODUCTIONS, INC., ) | CASE NO. 1:11-cv-02860 |
| ) | |
| Plaintiff, ) | Judge: Hon. Robert W. Gettleman |
| ) | Magistrate Judge: Hon. Young B. Kim |
| v. ) | |
| ) | |
| DOES 1 – 71, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**RESPONSE BY PLAINTIFF HEARTBREAKER PRODUCTIONS, INC.
IN OPPOSITION TO MOVANT'S MOTION TO QUASH**

An individual ("Movant") associated with IP address 98.206.75.102 filed a Motion to Quash Subpoena Pursuant To Fed R. Civ. P. 45(C)(3). (June 23, 2011, ECF No. 12 [hereinafter Mot. to Quash #12].) Movant asks the Court to quash an outstanding subpoena issued to Comcast, to vacate its Order Granting Plaintiff's Motion for Leave to Take Discovery Prior To the Rule 26(f) Conference (May 5, 2011, ECF No. 9), and to grant him costs and fees. Movant argues that joinder is improper (Mot. to Quash #12 at 3–6), that Plaintiff has failed to establish a *prima facie* claim for copyright infringement (*Id.* at 7–8), that modern technology is not capable of establishing Internet-based copyright infringement (*Id.* at 9–10), that decisions in other cases are relevant to Movant's request (*E.g.*, *id.* at 7–10), and that Plaintiff's counsel has improper motives. (*Id.* at 1–2, 6, 9.)

**ARGUMENT**

This brief consists of five parts: Part I argues that Movant's misjoinder challenge is premature at this stage of the litigation. Part II argues that the First Amendment is not a shield for copyright infringers and that Movant's reliance on *Dendrite International, Inc. v. Doe* is condemnable. Part III argues that Movant's technology-based arguments on the merits are

irrelevant to his motion. Part VI argues that neither Movant's *ad hominem* attacks on Plaintiff's counsel nor his citations to unrelated authority are bases for quashing the subpoena. Finally, Part V argues that Movant is not entitled to costs or fees.

## I. MOVANT'S MISJOINDER CHALLENGE IS PREMATURE

Movant's misjoinder challenge is premature at this early stage of the litigation. Movant claims that by joining seventy-one Doe Defendants in one action, Plaintiff has created a situation of misjoinder.[1] However, courts considering motions on nearly-identical facts, in this jurisdiction and across the country, have decided that such arguments are premature at this stage in the litigation. *E.g.*, Written Op. and Order Denying Mots. 2, *MCGIP, LLC v. Does 1–316*, No. 10-C-6677 (N.D. Ill. June 9, 2011) [hereinafter Kendall June 9 Order] (Kendall, J.) (citing *Donkeyball Movie, LLC v. Does 1–18*, No. 10-1520, 2011 WL 1807452, at *4 (D.D.C. May 12, 2011)), ECF No. 133; *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL

---

[1] (*See* Mot. to Quash #12 at 3–6.) Movant also briefly raises a personal jurisdiction argument in support of his joinder argument, claiming that "Plaintiff admits" that some of the seventy-one Doe Defendants "do not reside in Illinois." (*Id.* at 5.) However, the same passage Movant cites makes clear that "Plaintiff used geolocation technology to trace IP addresses of each Defendant to a point of origin within the State of Illinois." (Compl. ¶ 6.)

Use of geolocation technology, which reveals the likely location of an IP address, gives Plaintiff good reason to believe each Doe Defendant are subject to personal jurisdiction in this Court. For example, using this technology reveals the approximate location of Movant to be Cary, Illinois. *See IP Details for 98.206.75.102*, What Is My IP Address, http://whatismyipaddress.com/ip/98.206.75.102 (last visited June 28, 2011).

Further evaluation of personal jurisdiction is premature at this stage of the litigation, before Doe Defendants have been identified and their contacts with this forum can be catalogued and evaluated. *E.g.*, Kendall June 9 Order 2; *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006); *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record).

1807438, at *4 (D.D.C. May 12, 2011)) (finding joinder "proper" at the early stage of litigation, even where movant's assertion of misjoinder "may be meritorious").

At this stage of the litigation, where discovery is underway only to learn identifying facts necessary to permit service on Doe Defendants, joinder is proper. Kendall June 9 Order 2. Plaintiff has alleged that the Doe Defendants infringed Plaintiff's copyrighted Video through the same file-sharing protocol—BitTorrent—that operates through simultaneous and sequential computer connections and data transfers among the users. (*See* Compl. ¶¶ 4, 8, 11, 13, 15, 23.) Such allegations have been held sufficient to sustain joinder while discovery of Doe Defendants' identities is underway. *MCGIP*, 2011 WL 2181620, at *4 (holding such allegations were sufficient at same early stage of litigation and postponing joinder discussion); *Voltage Pictures*, 2011 WL 1807438, at *4 (same); *see also Call of the Wild Movie v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *4–5 (D.D.C. Mar. 22, 2011) (finding plaintiffs' allegations that the Doe defendants used BitTorrent, that BitTorrent "makes every downloader also an uploader," and that any peer who has completed a download "is automatically a source for the subsequent peer" were sufficient to make claims against defendants "logically related"). At a later point in this litigation, after Doe Defendants have been named and served, they may properly raise joinder challenges under Fed. R. Civ. P. 20 and move to sever under Fed. R. Civ. P. 21, and that will be the appropriate time for the Court to evaluate the merits of such arguments. Kendall June 9 Order 2; *Voltage Pictures*, 2011 WL 1807438, at *8; *see also MCGIP*, 2011 WL 2181620, at *1. The Court should deny the instant motion because Movant's joinder challenge is premature.

## II. THE FIRST AMENDMENT IS NOT A SHIELD FOR COPYRIGHT INFRINGERS

Movant argues that an enhanced *prima facie* showing of copyright infringement should be required because Movant's anonymity merits special protection and "once lost cannot be

3

recovered." (Mot. to Quash #12 at 7–8.) Although Movant never directly invokes "privacy" or the First Amendment (*Id.*), these are the roots of the special protection that Movant believes should be afforded to him as an anonymous Internet user. This argument is unavailing because the First Amendment does not provide a shield for copyright infringers. The Supreme Court, accordingly, has rejected First Amendment challenges to copyright infringement actions. *See, e.g.*, *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555–56, 569 (1985).

Movant relies heavily on *Dendrite International v. Doe*. 342 N.J. Super. 134, 775 A.2d 756 (N.J. Super. Ct. App. Div. 2001). Movant would have this federal Court apply the New Jersey State Constitution instead of the United States Constitution. As the *Dendrite* court itself noted, the right to free speech under the New Jersey Constitution is broader than the First Amendment right against governmental abridgement of speech. *Dendrite Intern., Inc. v. Doe No. 3*, 775 A.2d 756, 765–66 (N.J. Super. Ct. App. Div. 2001). Under the New Jersey State Constitution, the "State right of free speech is protected not only from abridgment by government, but also from unreasonably restrictive and oppressive conduct by private entities." *Id.* (quoting *New Jersey Coalition Against War in the Middle East v. J.M.B. Realty*, 650 A.2d 757, 771 (N.J. 1994)).

Unsurprisingly, the *Dendrite* court's interpretation of the New Jersey State Constitution has never been applied by federal courts in this Circuit and was expressly rejected by the Illinois Court of Appeals in *Maxon v. Ottawa Pub. Co.*, 929 N.E.2d 666, 675–76 (Ill. App. Ct. 2010.) Movant should have discussed whether the First Amendment protects copyright infringement as "speech" and whether this "speech" is of public or private concern—the relevant standard under Supreme Court precedent. *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 758–59 (1985).

Federal courts around the country have repeatedly held that a person who uses the Internet to download or distribute copyrighted works without permission is engaging in the exercise of speech, but only to a very limited extent, and the First Amendment does not protect that person's identity from disclosure. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) (Chen, J.) (applying the *Sony Music* factors and allowing discovery of Doe defendants' identities); *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims.").

The *Sony Music* court found that the plaintiffs had made a *prima facie* showing of copyright infringement by alleging (1) ownership of the copyrights or exclusive rights of copyrighted sound recordings at issue; and (2) that "each defendant, without plaintiffs' consent, used, and continue[d] to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others certain" copyrighted recordings. 326 F. Supp. 2d at 565. Here, Plaintiff has made a *prima facie* showing of copyright infringement. First, it alleged ownership of the copyrights of the creative Video at issue in this case. (*See* Compl. ¶¶ 18, 19, 20, 26). Second, it also submitted supporting evidence listing the copyrighted Video downloaded or distributed by Defendants using BitTorrent. (*See* Compl. ¶ 3, 23). Thus,

5

the limited protection afforded to Defendants by the First Amendment must give way to Plaintiff's need to enforce its rights.

Movant cannot cloak his identity through a vague claim of privacy when his infringing activities are not private: "[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so." *MCGIP*, 2011 WL 2181620, at *1; *see also Voltage Pictures*, 2011 WL 1807438, at *4 (finding movants' rights to anonymity to be minimal); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) ("[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). Because the First Amendment is not a shield for copyright infringement, the Court should deny Movant's motion.

### III. MOVANT'S TECHNOLOGY-BASED ARGUMENTS ON THE MERITS ARE IRRELEVANT TO HIS MOTION

Movant argues, briefly, that modern technology is not capable of establishing the identity of an individual associated with Internet-based copyright infringement. (*See* Mot to Quash #12 at 9.) Movant essentially asks the Court to reconsider its Order Granting Plaintiff's Motion for Leave to Take Discovery Prior To the Rule 26(f) Conference (May 5, 2011, ECF No. 9), based on arguments concerning the precision of modern technology. These are arguments on the merits, and "the merits of this case are not relevant to the issue of whether [Plaintiff's] subpoena is valid and enforceable." *Voltage Pictures*, 2011 WL 1807438, at *2 (quoting *Achte/Neunte Boll Kino Beteiligungs GMBH & Co., KG v. Does 1–4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010)) (denying anonymous motion to quash); *see also MCGIP*, 2011 WL 2181620, at *1 (same).

Movant may have valid defenses to this suit, possibly including that he has been "improperly identified by the ISP," but the time to raise those is after Movant has actually been identified and named as a party in this lawsuit—the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 2181620, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d at 215 (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the motion because Movant's merits-based technological arguments are not relevant to a quashing analysis.

IV. **NEITHER MOVANT'S *AD HOMINEM* ATTACKS ON PLAINTIFF'S COUNSEL NOR HIS CITATIONS TO UNRELATED AUTHORITY ARE BASES FOR QUASHING THE SUBPOENA**

Movant accuses Plaintiff's counsel of engaging in a "fishing expedition," of selecting a litigation strategy in order to "avoid travel," and of attempting to "shame," "harass and embarrass" the putative Doe Defendants in this action. (Mot. to Quash #12 at 1–2, 6, 9.) The list of permissible grounds for quashing or modifying a subpoena does not include *ad hominem* attacks. *See* Fed. R. Civ. P. 45(c)(3). Indeed, Movant offers only sweeping generalizations—and no specific allegations—regarding the activities of Plaintiff and/or Plaintiff's counsel. (*See generally* Mot. to Quash #12.)

Movant cites to various cases (in addition to the *Dendrite* case addressed *supra*, Part II), claiming that they should be considered analogous to the present case. (*See* Mot. to Quash #12 at 3–6, 9–10.) However, Movant makes little effort to establish the relevance of the cited cases. For example, Movant fails to distinguish between the present action—where all alleged infringers

7

used the BitTorrent protocol—and actions in which infringers were alleged to have used older, less interconnected peer-to-peer file-sharing protocols. (*See id.* at 3–6.) Many courts distinguish between these. *See, e.g.*, Kendall June 9 Order 2 ("[G]iven the decentralized nature of BitTorrent's file-sharing protocol . . . the Court finds that sufficient facts have been plead to support the joinder of the putative defendants at this time."); *Call of the Wild Movie*, 2011 WL 996786, at *4–5 (considering contrary authority based on older file-sharing protocols and nevertheless finding that plaintiffs' factual allegations about the "nature of a BitTorrent protocol" were sufficient to make copyright infringement claims against multiple defendants "logically related").

Further, where Movant cites to a case involving Plaintiff's counsel (Mot to Quash #12 at 9–10), Movant fails to establish the relevance of an order made in a different factual and procedural context than the instant motion. *See generally* Order Denying Pl.'s Mot. to Certify the Court's 3/9/11 Order for Interlocutory Review, *VPR Internationale v. Does 1–1017*, No. 11-2068 (C.D. Ill. Apr. 29, 2011). As Judge Chen of the Northern District of California wrote in response to similar attacks on Plaintiff's counsel, "the fact that Plaintiff has initiated other lawsuits does not mean that this lawsuit (or even the others) is without any merit." *MCGIP*, 2011 WL 2181620, at *1.

### V. MOVANT IS NOT ENTITLED TO COSTS AND FEES BECAUSE HE IS NOT A PARTY AND CANNOT PREVAIL

Movant seeks an award of attorney's fees and costs if his motion is granted. (Mot. to Quash #12 at 11.) The standard for awarding attorney fees and costs in copyright infringement cases is well-established. 17 U.S.C. § 505 states: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. §

505 (1994). The plain language of the statute directs that prevailing plaintiffs and defendants are to be treated alike, "but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994).

The Seventh Circuit has pointed out that the "Supreme Court has adopted a generous formulation of the term prevailing party; parties are said to have prevailed in litigation for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *King v. Illinois State Bd. of Elections*, 410 F.3d 404, 411 (7th Cir. 2005) (footnotes and quotation marks omitted) (quoting in part *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Seventh Circuit has also stated that "[a]t a minimum, to be considered a prevailing party . . . [a party] must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.*

Movant cannot meet even this generous standard—he has not been named and served, and thus, is not a party. Movant appears only because he received a letter from his ISP, and is at this time merely a third party on notice of his potential status as a party defendant. Movant fails to cite, and Plaintiff's counsel has not found, any authority for awarding prevailing party fees and costs before a defendant is even named to a lawsuit or served with process.

On the contrary, neither the Federal Rules of Civil Procedure nor the Seventh Circuit consider unserved defendants "parties." The plain language of multiple provisions of the Federal Rules of Civil Procedure demonstrates that a person is only a party to a case when that person is at the very least identified and specified by name in the case. For example, Rule 4 states that a summons must "*name* the court and the parties" and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A) and (B) (emphasis added). Rule 17 states that an "action must be prosecuted in the name of the real party in interest," and Rule 5 contemplates service of papers on "every party"

9

wherein the general provisions for service contemplate that the party's identity must be known. *Id.* 5(b)(2) & 17(a)(1). Courts agree that unserved defendants are not yet "parties" to an action. *Sampson v. Village Discount Outlet, Inc.*, No. 93-3296, 1994 WL 709278, at *2 (7th Cir. Dec. 16, 1994); *accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 115 (2d Cir. 2010) (affirming the district court order adopting the magistrate judge's recommendation to deny the motion to dismiss because the "defendants, not having been served with process, were not yet parties") (internal quotation marks omitted); *c.f. F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1310–11 (D.C. Cir. 1980) (describing the entity about whom the information was sought by subpoena as neither "an accused in a criminal action nor . . . a defendant in a civil action" but as "merely a third-party witness on notice of its potential status as a party defendant").

Furthermore, even if the court grants this motion, Movant will not be able to point to any appreciable change in the legal relationship between Plaintiff and himself. Plaintiff's subpoenas are not directed at Movant but at non-party ISPs. Because Movant has not even discussed the standard for awarding fees and costs under 17 U.S.C. § 505, much less argued why the Court should exercise its discretion in his favor, because Movant is not a party to this case, and because Movant cannot explain how the outcome of his motion would change the legal relationship between Movant and Plaintiff, the Court should deny Movant's request for fees and costs.

## VI.   CONCLUSION

The Court should deny Movant's motion. Movant's misjoinder challenge is premature; the First Amendment is not a shield for copyright infringement; Movant's technology-based arguments on the merits are irrelevant to his motion; neither Movant's *ad hominem* attack on Plaintiff's counsel nor his citations to unrelated authority are bases for quashing the subpoena; and Movant is not entitled to costs or fees.

        Respectfully submitted,

        HEARTBREAKER PRODUCTIONS, INC

**DATED:** July 1, 2011

        By:   /s/ John Steele
              John Steele (Bar No. 6292158)
              Steele Hansmeier PLLC
              161 N. Clark St.
              Suite 4700
              Chicago, IL 60601
              312-880-9160;   Fax 312-893-5677
              jlsteele@wefightpiracy.com
              *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 1, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ John Steele
JOHN STEELE